**Joseph Vance, P.C.**, OSB No. 991320
joseph.vance@millernash.com
**Steven G. Liday**, OSB No. 075975
steven.liday@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Phone:  503.224.5858
Fax:  503.224.0155

      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TYMAN LEASING, LLC, a Washington limited liability company, | CV No. _____ |
|       Plaintiff, | COMPLAINT |
| v. | (Breach of Contract, Conversion, Unjust Enrichment) |
| OMEGA MORGAN, INC., an Oregon corporation, | 28 USC § 1332 |
|       Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff, Tyman Leasing, LLC ("Tyman"), by and through its undersigned

counsel, files this complaint and alleges as follows:

Page 1 -    Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

## INTRODUCTION AND SUMMARY

1.      In 2015, Omega Morgan, Inc. ("Omega Morgan") leased two heavy-haul trailers from Tyman.  Both trailers came with a collection of accessory equipment.  The smaller of the two trailers also had specialized, new running gear worth more than $300,000.  In 2016, Omega Morgan terminated the lease for the smaller trailer.  Prior to surrendering the trailer, however, Omega Morgan took the valuable running gear off of the smaller trailer.  When it returned the smaller trailer without the proper running gear, Omega Morgan also failed to surrender the majority of the accessory equipment that had been leased with it.

2.      For more than a year, Tyman has demanded that Omega Morgan surrender the accessory equipment and new running gear that it has wrongfully kept after terminating the lease for the smaller trailer.  Omega Morgan has refused and falsely claimed that the running gear was not originally a component of the smaller trailer.

3.      Accordingly, Tyman now brings this action seeking $600,000 for the theft of its accessory equipment and running gear.

## PARTIES, JURISDICTION, AND VENUE

4.      Tyman is a Washington corporation with its principal place of business in Whatcom County, Washington.

5.      Omega Morgan, Inc., is an Oregon corporation with its principal place of business in Washington County, Oregon.

6.      This Court has jurisdiction under 28 USC § 1332.  Omega Morgan is a citizen of Oregon, and Tyman is a citizen of another state.  Further, the amount in controversy, exclusive of interest and costs, is greater than $75,000.

Page 2 -     Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

7.      Venue is appropriate under 28 USC § 1391(a) and (c) because defendant is subject to personal jurisdiction in, and therefore resides in, this district.

## BACKGROUND FACTS

### Heavy Haul Trucking and Party Background

8.      Tyman and Omega Morgan operate in the heavy-haul industry.  Heavy haul refers to the transportation of extremely large, unique cargo such as storage tanks, transformers, turbines, generators, condensers, vessels and other large machinery.

9.      The movement of over-dimensional cargo that weighs tens or even hundreds of tons requires complex and expensive trucking equipment.  Furthermore, the uniqueness of cargo requires that the heavy-haul trailers be adaptable, and compatible with a wide range of components and accessory equipment (in a wide range of sizes) such as dollies, bridges, scates, carriers, jumper beams, and related adapters.

10.      Heavy-haul trailers come in a variety of styles and are generally classified by the size of load they can legally carry.  The maximum load rating is based on a number of factors, including axle loadings and spacing, tire size, and tires per axle.  The maximum-load designation is not uniform, however, across countries or states.  Based on the applicable regulations, a trailer may legally carry significantly more tonnage in one jurisdiction versus another.

11.      The selection of the trailer and equipment for a particular heavy-haul project depends on a wide range of factors, including the dimensions, total weight, and weight distribution of the cargo, the method for loading and unloading, distance of transportation, nature

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

of route, etc.  Heavy-haul projects are significant undertakings and can cost the customer hundreds of thousands of dollars for the transport of a single item.

12.    Tyman builds and leases heavy-haul trailers and related equipment to heavy-haul transportation companies.

13.    Omega Morgan is a specialized/heavy equipment transportation company that provides complex moving, rigging and transportation services.  The company primarily transports large-scale industrial and transportation equipment.  Omega Morgan has offices in or near Portland, Oregon; Seattle, Washington; Phoenix, Arizona; Vancouver (British Columbia); and Edmonton (Alberta).

## 2015 Trailer Leases

14.    On March 16, 2014, Tyman and Omega Morgan entered into separate leases for two heavy haul trailers.

15.    The first leased trailer had a maximum capacity of 110 tons.  It was outfitted with newly-manufactured running gear (i.e., the working components of the trailer, including axles, suspensions, hub, wheels and drums, rims, bearings, brakes, and tires).  The lease also included the pre-existing running gear.  The trailer also came with a variety of interchangeable components and accessories so that it was fully functional for immediate use, and compatible with Omega Morgan's other trailers.  These components and accessories included:

    a.    two (new) 32-wheel dollies with 12-foot-wide rockers;

    b.    four 14-foot carriers;

    c.    four 18-foot carriers;

Page 4 -    Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

    d.     four heavy-haul scates;

    e.     one 40-foot jumper beam;

    f.     one tower-to-dolly adaptor;

    g.     tie-down chains;

    h.     all necessary adapters, plumbing, and hoses; and

    i.     spare tires and specialized tools.

16.     The second leased trailer had a maximum-capacity rating of 200 tons for off-highway use (and possibly for certain highways in some states and Canadian provinces, including British Columbia).  In Washington and other states, the trailer qualified for a maximum on-highway capacity of 160 tons.  This trailer was also leased with a variety of interchangeable components and accessory equipment.

17.     The lease for the 110-ton trailer stated that it was for both the trailer and "all component parts and accessories related to such trailer" (the "Leased Equipment").  The lease was for a period of sixty months, at the end of which Omega Morgan would own the trailer and Leased Equipment.  Accordingly, the aggregated lease payments were equal to the purchase price of the 110-ton trailer and Lease Equipment.  This total lease payment/purchase price was $833,340.

18.     The total lease payment/purchase price for the 110-ton trailer and Leased Equipment without the new running gear would have been only approximately $500,000.

19.     During the term of the lease, Omega Morgan was required to keep the trailer and Leased Equipment in "good repair and operating condition, ordinary wear and tear

Page 5 -     Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

excepted." (¶ 6.)  Omega Morgan was also required to obtain written approval prior to non-cosmetic modification of the trailer and Leased Equipment.  *Id*.

20.    The lease for the 110-ton trailer allowed for termination on 30-days' notice.  (¶ 3(c)(i).)  In the event of a termination, Omega Morgan was required to relinquish the trailer and all Lease Equipment and deliver it back to Tyman at a specified location.  The parties were required to deal in good faith following notice of termination, prior to delivery.

21.    The lease for the 160/200-ton trailer was nearly identical.

22.    Both leases were drafted by Omega Morgan.

<u>Omega Morgan's termination of the 110-ton truck lease</u>

23.    On February 11, 2016, Omega Morgan issued notice to Tyman of its early termination of the lease for the 110-ton trailer.  In the notice, Omega Morgan stated that it would deliver the 110-trailer no later than March 13, 2016, in "the same condition as the beginning of the lease agreement, with the exception of reasonable wear and tear."  The notice did not mention the Leased Equipment.

24.    In violation of the lease, Omega Morgan did not return the trailer in the same condition as it was leased, and failed to return the majority of the Leased Equipment.

25.    Incredibly, Omega Morgan had removed the new running gear—worth more than $300,000—from the 110-ton trailer, and reinstalled the old running gear that had been sent to Omega Morgan separately.

26.    Omega Morgan kept the new running gear when it returned the 110-ton trailer.

Page 6 -    Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

27.    Omega Morgan has also failed to return the following Leased Equipment:

    a.    two (new) 32-wheel dollies with 12-foot-wide rockers;

    b.    two 14-foot carriers;

    c.    four 18-foot carriers;

    d.    two heavy-haul scates;

    e.    one 40-foot jumper beam;

    f.    one tower-to-dolly adaptor;

    g.    tie-down chains; and

    h.    spare tires and specialized tools.

28.    When Tyman objected, Omega Morgan promised to return some of the above Leased Equipment, but has failed to do so.

29.    Omega Morgan has falsely claimed that new running gear was not installed on the 110-ton trailer when it was received.  Omega Morgan wrongly claims that the new running gear is part of the lease for the 160/200-ton trailer.

30.    Omega Morgan has never objected to the quality or performance of the trailers and Leased Equipment supplied by Tyman.

## FIRST CLAIM
### (Breach of Contract—110-ton trailer lease)

31.    Tyman realleges the allegations above and incorporates them by reference.

32.    On or about March 16, 2015, for good and valuable consideration, Omega Morgan entered into the lease with Tyman for the 110-ton trailer.

33.    All conditions precedent have been performed, have occurred, or have otherwise been satisfied, discharged, or waived.

Page 7 -    Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

34. Omega Morgan has materially breached the parties' lease agreement by its actions or omissions alleged above, including the following:

    a.    failing to return the 110-ton trailer in the same condition as when it was delivered to Omega Morgan;

    b.    removing the new running gear from the 110-ton trailer;

    c.    refusing to return the 110-trailer running gear following termination of the lease;

    d.    failing to return the Leased Equipment;

    e.    damaging components of the 110-ton trailer and Leased Equipment that were surrendered to Tyman ;

    f.    failing to pay rent under the lease during the time Omega Morgan has refused to return the running gear and missing Leased Equipment; and

    g.    otherwise not acting in good faith following the notice of termination.

35. As a foreseeable and proximate result of Omega Morgan's breach of its contractual obligations, Tyman has suffered damages of at least $600,000, with the exact amount to be proven at trial.

## SECOND CLAIM
### (Conversion)

36. Tyman realleges the allegations above and incorporates them by reference.

37. Omega Morgan has intentionally exercised dominion and control over the running gear and Leased Equipment from the 110-ton trailer lease that it has refused to return following termination of the 110-trailer lease.

Page 8 -    Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

38.    As a direct result of Omega Morgan's conversion, Tyman has suffered damages of at least $600,000, with the exact amount to be proven at trial.

### THIRD CLAIM
### (Unjust Enrichment)

39.    Tyman realleges the allegations above and incorporates them by reference.

40.    Tyman conferred a benefit on Omega Morgan by allowing use and possession of the running gear and Leased Equipment from the 110-ton trailer following termination of the 110-ton trailer lease.

41.    Omega Morgan was and is aware that it has and is receiving a benefit from use and possession of the running gear and Leased Equipment from the 110-ton trailer following termination of the 110-ton trailer lease.

42.    It would be unjust for Omega Morgan to obtain this benefit without paying for it.

43.    Accordingly, the Court should order Omega Morgan to pay to Tyman $600,000, with prejudgment interest at the rate of nine percent annum.

### PRAYER FOR RELIEF

Tyman therefore prays for relief as follows:

1.    On its first through third claims for entry of judgment against Omega Morgan in favor of Tyman in the amount of $600,000, with prejudgment interest at the rate of nine percent annum;

Page 9 -    Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3

2.      For further relief as may subsequently be requested by Tyman or as may

be deemed by this Court to be just, proper, and equitable to remedy the violations of law alleged

in this complaint.

DATED this 5th day of October, 2017.

MILLER NASH GRAHAM & DUNN LLP


*s/ Steven G. Liday*
Joseph Vance, P.C., OSB No. 991320
joseph.vance@millernash.com
Steven G. Liday, OSB No. 075975
steven.liday@millernash.com
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Phone:  503.224.5858
Fax:  503.224.0155

Attorneys for Plaintiff
Tyman Leasing, LLC

Page 10 -    Complaint

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4819-1946-3245.3